UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ERNESTO BAIRES BENITEZ (A-240-174-042),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br>Respondents. | No. 1:26-cv-03780-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 17) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 13, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 17.) On November 16, 2026, Respondents objected to the findings and recommendations "[f]or the reasons set forth in Respondent[s'] previous briefing." (Doc. No. 18.) However, those arguments were already addressed and rejected by the magistrate judge in this case and the undersigned in other cases.

Specifically, the undersigned agrees that the government may not mandatorily detain a noncitizen under 8 U.S.C. § 1226(c) without complying with the requisite safeguards provided by the Immigration and Nationality Act, including formally charging the noncitizen with an inadmissibility section that corresponds with the purported grounds for mandatory detention, or otherwise timely providing the noncitizen with notice of the circumstances of and basis for their mandatory detention and an opportunity to challenge it. *See Guevara-Ayala v. Warden, Cal. City*, No. 1:26-cv-07029-DC-CSK, 2026 WL 3334081 (E.D. Cal. Nov. 4, 2026) (granting relief on statutory grounds and ordering immediate release for noncitizen purportedly detained under 8 U.S.C. § 1226(c) where there was no evidence the noncitizen was charged with inadmissibility on appropriate grounds or otherwise provided with notice of the basis for, or an opportunity to challenge, his mandatory detention); *Lobo Castro v. Chestnut*, No. 1:26-cv-05846-DC-JDP, 2026 WL 3268652 (E.D. Cal. Oct. 30, 2026) (granting relief on due process grounds for similar reasons and because the noncitizen was not provided with the pre-deprivation notice he was entitled to); *see also In Re Kotliar*, 24 I. & N. Dec. 124, 127 (BIA 2007) (providing that if "the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing").

Further, the undersigned has held that habeas relief is warranted for noncitizens detained under 8 U.S.C. § 1226(a) if they are not promptly provided with the procedural protections they are statutorily entitled to. *See, e.g.*, *Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026) (granting temporary restraining order and writ for habeas corpus and ordering immediate release of the noncitizen); *Torrez Nolvin v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-08771-DC-CSK, 2026 WL 3408446 (E.D. Cal. Nov. 10, 2026) (same). Thus, Respondents provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper

analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 13, 2026 (Doc. No. 17) are ADOPTED;

2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Petitioner Juan Ernesto Baires Benitez (A-240-174-042) shall be RELEASED IMMEDIATELY from Respondents' custody;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

   d. If the government seeks to re-detain Petitioner under 8 U.S.C. § 1226(c), it must comply with all mandates under the Immigration and Nationality Act, including properly charging Petitioner or otherwise informing him of the purported grounds for his detention and providing Petitioner with an opportunity to challenge his detention;

   e. If the government seeks to re-detain Petitioner under 8 U.S.C. § 1226(a), it must: comply with all mandates under the Immigration and Nationality Act, provide no less than seven (7) days' notice to Petitioner, and hold a pre-deprivation bond hearing before a neutral arbiter at which Petitioner's eligibility for bond must be considered; and

   f. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California

City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dena Coggins
United States District Judge